■ DANIEL P. MACALENA et al., Appellants, v THOMAS COCHRANE et al., Respondents. [614 NYS2d 63] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court,

Rockland County (Lefkowitz, J.), entered June 24, 1992, as granted that portion of the defendants' motion which was to dismiss the complaint insofar as asserted against Susan Cochrane and Leonard Birbrower, and (2) from a purported judgment of the same court which dismissed the complaint insofar as asserted against the defendants Susan Cochrane and Leonard Birbrower.

Ordered that the appeal from the purported judgment is dismissed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the purported judgment must be dismissed because the copy of the purported judgment contained in the record is nether signed nor dated. It appears that the court never entered the purported judgment.

On appeal, the plaintiffs claim that the Supreme Court erred in awarding summary judgment to the defendants Susan Cochrane and Leonard Birbrower because issue had not yet been joined. Contrary to the plaintiffs' contention, however, the record demonstrates that the defendants moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and the motion was treated as such by the Supreme Court. Accordingly, the court was permitted to dismiss the complaint prior to the service of a responsive pleading (see, CPLR 3211 [e]; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:7, C3211:28).

The Supreme Court properly concluded that the plaintiffs' complaint failed to state a cause of action against the defendants Cochrane and Birbrower for negligent supervision of the infant defendant. "Negligent supervision of children, in general, creates no direct, unreasonable hazard to third parties" (Nolechek v Gesuale, 46 NY2d 332, 340), and while a parent owes a duty to third parties to shield them from an infant child's improvident use of a dangerous instrument (see, Nolechek v Gesuale, supra, at 338), at bar there is no allegation that the infant defendant was entrusted with a dangerous instrument. Thompson, J. P., Rosenblatt, Ritter, Friedmann and Krausman, JJ., concur.